UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMY JO FRAZIER,<br><br>                Plaintiff,<br>    v.<br><br>TACOMA POLICE DEPARTMENT,<br><br>                Defendant. | CASE NO. 3:24-cv-05239-TMC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: July 26, 2024 |

The District Court has referred Plaintiff Amy Jo Frazier's Application to Proceed *In Forma Pauperis* ("IFP") to United States Magistrate Judge Grady J. Leupold. On March 29, 2024, the Clerk of the Court mailed two Notices of Filing Deficiency regarding the IFP Application to Plaintiff. *See* Dkts. 2, 3. The mail addressed to Plaintiff was returned as undeliverable on April 29, 2024. Dkt. 4. As a result, on May 15, 2024, the Court ordered Plaintiff to update her address and warned Plaintiff that, if she failed to do so by June 28, 2024, the Court would recommend dismissal of this action without prejudice. Dkt. 5. To date, Plaintiff has not provided the Court with an updated address or corrected the filing deficiencies.

Pursuant to Local Civil Rule ("LCR") 41(b), *pro se* parties are required to keep the Court and opposing parties advised of their current mailing address. LCR 41(b). If mail sent to a *pro se* plaintiff by the Clerk is returned as undeliverable, and if the plaintiff fails to notify the Court and

REPORT AND RECOMMENDATION - 1

opposing parties of his or her current mailing address within 60 days of the mail being returned as undeliverable, the Court may dismiss the action without prejudice for failure to prosecute. *Id.*

Here, more than 60 days have elapsed since copies of the Clerk's Notices were returned as undeliverable. In addition, Plaintiff has failed to respond to the Court's Order directing her to provide an updated address by June 28, 2024. Plaintiff also has not filed a corrected IFP Application. As Plaintiff has failed to correct the filing deficiencies outlined by the Clerk's Notices, as well as failed to respond to the Court's Order and prosecute this case, the Court recommends that this action be **DISMISSED without prejudice** for failure to prosecute. *See* LCR 41(b). The Court also recommends that the IFP Application (Dkt. 1) be **DENIED as moot**.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on July 26, 2024, as noted in the caption.

Dated this 12th day of July, 2024.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 2